```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MICHELE WEINBERG,                   :
                Plaintiff,          :   17 Civ. 8976 (RA)(HBP)
        -against-                   :   OPINION
                                        AND ORDER
UNUM LIFE INSURANCE COMPANY         :
OF AMERICA,
                                    :
                Defendant.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/18

PITMAN, United States Magistrate Judge:

This is an action brought under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) challenging the defendant's denial of long-term disability benefits. Until May 2016, plaintiff was employed as a vice president of residential property leasing by Solil Management LLC. Her occupational duties included overseeing the day-to-day operations of approximately 4,500 apartment units, overseeing the policies, procedures and executions of all new and renewal leases, reviewing apartment applications and credit evaluations and updating vacancy lists. She alleges that she stopped working in that year due to lumbar and hip pain that limited her ability to sit, stand and walk.

Plaintiff applied for disability benefits under a contract of insurance issued by defendant Unum Life Insurance Company of America, Inc. According to plaintiff, she initially

received short-term disability benefits from her employer's Employee Welfare Benefit Plan. After the expiration of a 26-week elimination period, she applied for long-term disability benefits. She received long-term benefits for two days, and was then denied further benefits by Unum.

The parties have stipulated that Unum's decision to deny long-term benefits is subject to de novo review.

The current dispute arises out of discovery requests served by plaintiff seeking information concerning the physicians employed by Unum to review plaintiff's medical records (the "Reviewing Physicians"). Specifically, plaintiff has served interrogatories and document requests aimed at learning how long the Reviewing Physicians have been affiliated with Unum, how much they are paid, whether they participate in any kind of profit-sharing or bonus plan, whether they have received any commendations or awards from Unum or whether Unum has ever subjected them to any kind of corrective action. Plaintiff also seeks the production of any documents concerning how Unum evaluates claims of pain, minimum levels of pathology and patient improvement and any training material provided to the Reviewing Physicians.

At oral argument, counsel for Unum made several factual representations that are relevant to the present dispute. According to counsel, the Reviewing Physicians are salaried employees of Unum whose income does not vary with the number of

files they review or the nature of their conclusions. Counsel also represented that the Reviewing Physicians do not participate in any bonus or profit sharing plan, nor are they given any training materials beyond the claims manual, which has already been produced to plaintiff. They have not received any commendations or been subject to any corrective action. Finally, counsel advised that the Reviewing Physicians render medical opinions only; they do not decide whether a claimant meets the standard required to receive long-term disability benefits.[1]

Judges in this Circuit have reached different conclusions concerning discovery in ERISA actions in which the administrator's decision is subject to de novo review. Some have permitted discovery, some have denied discovery and some have permitted limited discovery. See N'Diaye v. Metro. Life Ins. Co., 17 Civ. 4260 (GBD)(BCM), 2018 WL 2316335 at *5-*6 (S.D.N.Y. May 8, 2018) (Moses, M.J.) (collecting cases); Liyan He v. Cigna Life Ins. Co., 304 F.R.D. 186, 189 (S.D.N.Y. 2015) (Gorenstein, M.J.) (collecting cases). The reason usually offered (and the principal reason offered here) for denying discovery is the nature of the review performed by the court in an action brought under Section 502.

---

[1] Both sides are represented by counsel who are exceptionally skilled and exceptionally knowledgeable concerning ERISA. I am certain that if any representations at oral argument by either side were inaccurate, the responsible party would correct the record.

> [W]hen reviewing claim denials, whether under the
> arbitrary and capricious or de novo standards of re-
> view, district courts typically limit their review to
> the administrative record before the plan at the time
> it denied the claim. See, e.g., DeFelice v. Am. Int'l
> Life Assurance Co., 112 F.3d 61, 66-67 (2d Cir. 1997).
> In DeFelice, however, we noted that "the decision
> whether to admit additional evidence is one which is
> discretionary with the district court, but which dis-
> cretion ought not to be exercised in the absence of
> good cause." Id. at 66.

Halo v. Yale Health Plan, 819 F.3d 42, 60 (2d Cir. 2016).

Unum has also argued here that the discovery sought should not be permitted because it does not fit within the definition of "relevant" evidence set out in 29 C.F.R. 2560.503-1(m)(8).[2]

---

[2] 29 C.F.R. 2560.503-1(m)(8) provides:

> (8) A document, record, or other information shall be
> considered "relevant" to a claimant's claim if such
> document, record, or other information
>
>   (i) Was relied upon in making the benefit
>   determination;
>
>   (ii) Was submitted, considered, or generated in
>   the course of making the benefit determination,
>   without regard to whether such document, record,
>   or other information was relied upon in making the
>   benefit determination;
>
>   (iii) Demonstrates compliance with the
>   administrative processes and safeguards required
>   pursuant to paragraph (b)(5) of this section in
>   making the benefit determination; or
>
>   (iv) In the case of a group health plan or a plan
>   providing disability benefits, constitutes a
>   statement of policy or guidance with respect to
>   the plan concerning the denied treatment option or
>   (continued...)

4

Even after the December 2015 amendments to the Federal Rules of Civil Procedure, relevance for the purposes of discovery is broader than relevance for the purposes of admissibility. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. "'[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself.'" Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225 at *7 (S.D.N.Y. Oct. 24, 2014) (Pitman, M.J.) (brackets in original), quoting Arch Assocs., Inc. v. HuAmerica Int'l, Inc., 93 Civ. 2168 (PKL), 1994 WL 30487 at *1 (S.D.N.Y. Jan. 28, 1994) (Leisure, D.J.); see Walker v. City of New York, 14-CV-680 (WFK)(PK), 2018 WL 1686102 at *2 (E.D.N.Y. Mar. 30, 2018); Degulis v. LXR Biotechnology, Inc., 176 F.R.D. 123, 125 (S.D.N.Y. 1997) (Sweet, D.J.); Quaker Chair Corp. v. Litton Bus. Sys., Inc., 71 F.R.D. 527, 530-31 (S.D.N.Y. 1976) (Motley, D.J.). It is also fundamental that "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P 26(b)(1). Thus, although the scope of the information that can be considered by a court in resolving a Section 502 action is

---

²(...continued)
          benefit for the claimant's diagnosis, without
          regard to whether such advice or statement was
          relied upon in making the benefit determination.

material to assessing a request for discovery, admissibility should not be the touchstone for resolving such requests.

Nor is 29 C.F.R. § 2560.503-1(m)(8) controlling. By its terms, the definition set forth in the regulation is limited to the regulation itself. 29 C.F.R. § 2560.503-1(m) ("Definitions. The following terms shall have the meaning ascribed to such terms in this paragraph (m) whenever such term is used <u>in this</u> <u>section</u> . . . ." (emphasis added)). The term "relevant" is only used in the regulation to describe the scope of the information that an administrator must provide to a claimant. 29 C.F.R. § 2560.503-1(g)(1)(vii)(D), (h)(2)(iii), (j)(3) and (o). On its face, the regulation does not purport to supplant Fed.R.Civ.P. 26(b)(1) in an action brought in a United States District Court pursuant to Section 502.

Nevertheless, the limited range of information that can be considered in resolving this action, the multitude of cases limiting discovery in Section 502 actions by requiring that a plaintiff show a reasonable chance that the discovery will satisfy the good cause requirement, e.g. <u>Garban v. Cigna Life Ins. Co.</u>, 10 Civ. 5770 (JGK)(RLE), 2011 WL 3586070 at *2 (S.D.N.Y. Aug. 11, 2011) (Ellis, M.J.), and the "significant ERISA policy interests of minimizing costs of claim disputes and ensuring prompt claims-resolution procedures," <u>Locher v. Unum Life Ins. Co.</u>, 389 F.3d 288, 295 (2d Cir. 2004), compel the

conclusion that the full range of discovery permitted in most civil actions is not appropriate here.

Several of plaintiff's discovery disputes have been mooted by defense counsel's statements at oral argument. The Reviewing Physicians do not receive any type of bonus, nor are they given instructions concerning how to evaluate a claimant's medical records. They are not given commendations by Unum. Thus, to the extent plaintiff is seeking discovery regarding these areas, there is nothing to produce.

However, a few of the areas plaintiff seeks to explore are not moot and are relevant. To resolve this action, the District Judge will have to review the administrative record, which presumably contains conflicting medical reports, and make a de novo determination of whether plaintiff meets the policy standards for an award of long-term disability benefits. To make her decision, the Judge will, in all probability, have to determine the weight to be given to the medical evidence, and she will have to make this determination without the benefit of cross-examination or the ability to observe the physicians' demeanor. Discovery that will assist the Judge in making this determination will be helpful. The District Judge's task is similar to the function a jury performs in any trial in which a party's physical condition is in issue and medical evidence is offered. To aid jurors in this task, Rule 26(a)(2)(B) requires that certain

disclosures concerning medical (and other) experts be made, including a statement of his or her qualifications and the compensation he or she is receiving. Although there is no litmus test for assessing a physician's opinion, his or her experience, specialties and board certifications are all relevant to the assessment. Similarly, in the unlikely event that Unum pays the Reviewing Physicians exorbitant salaries, that fact would also be relevant to an assessment of their opinions. I conclude that permitting discovery of these two areas will aid the District Judge in resolving this matter and will not give rise to any significant cost or delay and is appropriate here.

Accordingly, no later than November 14, 2018, defendant is to produce to plaintiff's counsel a statement of each Reviewing Physician's income from Unum for the year in which each reviewed plaintiff's medical records and the preceding year and the curriculum vitae of each of the Reviewing Physicians. In all other respects, defendant's objections to plaintiff's discovery requests are sustained.

Dated: New York, New York
November 6, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8